Filed 1/8/26  P. v. Cavanaugh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C102139 |
| v. | (Super. Ct. No. 62048752) |
| ZANE THOMAS CAVANAUGH, | |
| Defendant and Appellant. | |

In 2005, defendant Zane Thomas Cavanaugh pleaded no contest to felony evading an officer with willful disregard, felony resisting an officer, misdemeanor driving under the influence, misdemeanor driving with a suspended license, and misdemeanor hit-and-run.  He admitted two prior serious or violent felony convictions and an on-bail allegation.  The trial court sentenced defendant to an aggregate 27 years to life in prison.  This court affirmed the judgment.  (*People v. Cavanaugh* (Oct. 31, 2006, C052045) [nonpub. opn.] (*Cavanaugh*).)

1

Defendant now appeals from an order denying his petition for resentencing under Penal Code section 1172.1.[1]  He contends the trial court erred and abused its discretion in denying him full resentencing.  The People counter that the appeal must be dismissed because the trial court's order did not affect defendant's substantial rights.

We conclude the order is appealable, but the trial court did not err or abuse its discretion.  We will affirm the order denying the petition for resentencing.

BACKGROUND

Defendant was charged with evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a) – count one); resisting an executive officer (§ 69 – counts two & three); possession of a deadly weapon (§ 12020, subd. (a) – counts four & five); driving under the influence (DUI) (Veh. Code, § 23152, subd. (a) – count six); driving while intoxicated (Veh. Code, § 23152, subd. (b) – count seven); driving with a suspended license for a prior DUI (Veh. Code, § 14601.2, subd. (a) – count eight); hit-and-run driving (Veh. Code, § 20002, subd. (a) – count nine); reckless driving (Veh. Code, § 23103, subd. (a) – count ten); and possession of an open container of alcohol (Veh. Code, § 23222, subd. (a) – count eleven).  It was also alleged that defendant had previously been convicted of two serious or violent felonies under the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), one in 1986 and another in 1998. In addition, it was alleged that as to counts one through five, defendant was out on bail in two cases, one in Lassen County and another in San Joaquin County, at the time the charged offenses were committed, within the meaning of section 12022.1.

On September 27, 2005, defendant pleaded no contest to the felony charges in counts one through three, and to the misdemeanor charges in counts six, eight and nine. He admitted the allegations in count one that he had two prior serious or violent felony

---

[1]  Undesignated statutory references are to the Penal Code.

2

convictions and that he was out on bail in a Lassen County case at the time he committed the count one offense. He also admitted, regarding counts two and three, that he had one prior serious or violent felony conviction. The trial court dismissed the second strike as to counts two and three. Under the terms of the plea agreement, defendant made a motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 to strike a prior serious or violent felony conviction. He faced a maximum sentence of 27 years to life in prison.

On February 27, 2006, the trial court dismissed the rest of the charges and denied defendant's *Romero* motion. The trial court sentenced defendant to 25 years to life in prison on count one, plus a consecutive term of two years in prison on the section 12022.1 on-bail enhancement. It imposed but stayed concurrent two-year prison terms on counts two and three and imposed concurrent terms of 180 days in county jail on each misdemeanor count. Defendant was sentenced to an aggregate prison term of 27 years to life. This court affirmed the judgment in October 2006. (*Cavanaugh, supra*, C052045.)

On March 13, 2024, defendant filed a petition for resentencing under section 1172.1, representing himself. He based the petition on the following: the changes to section 1170.2,[2] his participation in various programs while incarcerated, that the maximum sentence on counts one and two was six years, that he had been sentenced to 27 years to life, and that he had already served 19 years in prison.

The trial court appointed counsel for defendant. The order appointing counsel stated that while the trial court was not required to respond to defendant's petition,

---

[2] Section 1170.2 provides for the redetermination of prison terms of prisoners who had committed felonies prior to July 1, 1977, the operative date of the Uniform Determinate Sentencing Act, and who had been sentenced under the Indeterminate Sentencing Law. (*In re Caudillo* (1980) 26 Cal.3d 623, 630.)

3

it elected to respond. The trial court directed defendant to file a brief addressing whether any changes in the law impacted his sentence and provided a basis for resentencing.

Defendant filed a brief asking the trial court to dismiss the section 12022.1 on-bail enhancement under section 1385, subdivision (c),[3] and to impose lower-term sentences under section 1170, subdivision (b)(6) based on psychological, physical, or childhood trauma. The People countered that the trial court lacked jurisdiction to grant the requested relief. According to the People, section 1385, subdivision (c) did not apply because it applied to sentences imposed after January 1, 2022, and defendant was sentenced in 2006. In the alternative, the People argued that if the trial court had jurisdiction to resentence defendant it should exercise its discretion not to grant defendant's petition because defendant was denied parole on April 21, 2022 based on a finding that he still posed an unreasonable danger to society. The People argued that resentencing him would not serve the interests of justice.

The trial court held a hearing on defendant's petition. Defense counsel argued the trial court could resentence defendant because the on-bail enhancement was illegal.

The trial court denied the petition for resentencing on September 16, 2024, stating that although section 1172.1 permitted resentencing on the court's own motion at any time if the sentencing laws had changed, a defendant was not entitled to file a petition for relief, and the trial court was not required to respond. As to the request to strike the

---

[3] Section 1385, subdivision (c) authorizes a trial court to dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal is prohibited by any initiative statute. (§ 1385, subds. (c)(1).) Subdivision (c)(2) sets forth a non-exclusive list of factors a trial court must consider in exercising its discretion. (§ 1385, subd. (c)(2), (4).) A trial court must consider evidence offered by the defendant to prove that any of the mitigating circumstances specified in subdivision (c)(2) are present. (§ 1385, subd. (c)(2).) Proof of the presence of one or more of the specified mitigating circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal would endanger public safety. (§ 1385, subd. (c)(2).)

section 12022.1 on-bail enhancement, section 1385, subdivision (c) applied to sentencing after January 1, 2022, but defendant was sentenced in 2006. Regarding the request to resentence pursuant to amended section 1170, the amendment did not apply to the count one indeterminate life sentence and would only apply to the determinate sentences imposed on counts two and three, but defendant was sentenced to concurrent time on those counts. The trial court declined to exercise its discretion to order recall and resentencing on its own motion. Defendant appealed the September 16, 2024 denial of his petition for resentencing.[4]

## DISCUSSION

### I

As a threshold matter, the People claim the appeal must be dismissed because defendant had no right to request resentencing, the trial court was not required to respond to defendant's petition, and thus the denial did not affect defendant's substantial rights.

A party may not appeal a trial court order unless the order is expressly made appealable by statute. (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237, subdivision (b) authorizes an appeal by a defendant "[f]rom any order made after judgment, affecting the [defendant's] substantial rights . . . ." (§ 1237, subd. (b); see

---

[4] In a separate order, the trial court asked the parties to report on the status of the Lassen County case forming the basis for the on-bail enhancement so that the trial court could determine whether to stay that part of the sentence under section 12022.1, subdivision (d). According to the trial court, it was unclear whether the Lassen County case had resulted in a conviction, and section 12022.1, subdivision (d) required an on-bail enhancement to be stayed if there was no conviction on the primary offense. Defendant responded that the on-bail enhancement was unauthorized and he was entitled to a full resentencing. On October 28, 2024, the trial court stayed the on-bail enhancement nunc pro tunc to the date of the original sentencing because the underlying offense did not result in a conviction. The trial court modified the sentence to impose 25 years to life in prison, but it declined a full resentencing. When defendant asked for leniency given his conduct while in prison, the trial court explained that his prison conduct did not allow for a full resentencing at that point. Defendant did not appeal from the October 28, 2024 order, and defendant concedes it is not part of this appeal.

5

generally *People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*) [noting that section 1172.1 does not explicitly establish a right to appeal].)

Section 1172.1 authorizes a trial court to resentence a defendant (1) on its own motion within 120 days of the date of commitment; (2) on its own motion at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law; or (3) at any time upon the recommendation of the Secretary of the Department of Corrections, the Board of Parole Hearings, the county correctional administrator, the district attorney or the Attorney General. (Stats. 2023, ch. 795, § 1.5 [§ 1172.1, subd. (a)(1)].) Section 1172.1 does not authorize a defendant to initiate a petition for recall and resentencing under that statute. (Stats. 2023, ch. 795, § 1.5 [§ 1172.1, subds. (a)(1), (c)]; see generally *People v. Roy* (2025) 110 Cal.App.5th 991, 998 & fn. 2 (*Roy*) [noting that a defendant is not precluded from asking a trial court to consider granting relief under section 1172.1].)

In circumstances distinguishable from this case, courts have held that a trial court order denying a defendant-initiated section 1172.1 petition is not appealable. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045-1047; *Roy, supra*, 110 Cal.App.5th at pp. 994, 998-1001; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 693, 695-700 (*Faustinos*); *Hodge, supra*, 107 Cal.App.5th at pp. 995-999.) In *Faustinos*, the trial court took no action in response to the petition, and the appellate court dismissed the appeal. (*Faustino,* at pp. 692-693.) The appellate court identified four trial court responses that would result in a nonappealable order: (1) the trial court did not issue an order; (2) the trial court order stated only that the defendant is not entitled to file a petition; (3) the trial court stated it would not act on its own motion; and (4) the trial court stated no applicable laws have changed. (*Id.* at pp. 696-697.)

Here, however, the trial court elected to address defendant's petition for resentencing. It appointed counsel for defendant, asked the parties to brief whether any changes in the law would provide a basis for resentencing, held a hearing on defendant's

petition, considered the record and the parties' arguments, and issued an order addressing the merits. Whether a claim affects the defendant's substantial rights depends in part on the trial court's ruling on the defendant's claim. (*Faustinos, supra*, 109 Cal.App.5th at p. 693.) While the trial court had no obligation to respond to defendant's petition (§ 1172.1, subd. (c)), it did so here. Under these circumstances, we conclude the order denying defendant's section 1172.1 petition is appealable.

## II

Defendant contends the trial court erred and abused its discretion in denying him full resentencing. According to defendant, his sentence was no longer final because the trial court recalled the sentence. But the record does not support defendant's assertion that the trial court recalled the sentence within the timeframe relevant to this appeal. This appeal is from the trial court order issued on September 16, 2024. As to that order, although the trial court had considered whether there were proper grounds for resentencing, it declined to exercise its discretion under section 1172.1 and it did not recall the sentence.

Defendant further argues the trial court did not consider ameliorative sentencing statutes, Judicial Council rules, whether he was a danger to society, whether he remained within the spirit of the three strikes law, relevant mitigating factors, or statutory changes providing for judicial discretion to eliminate disparity of sentencing and to promote uniformity of sentencing. We need not assess defendant's claims because under section 1172.1, subdivision (a)(1), a trial court may initiate resentencing proceedings on its own motion at any time if changes in applicable sentencing laws affect the sentence. Defendant does not demonstrate how any change in the law would require a recall of his 2006 sentence. He concedes that amended section 1385, subdivision (c) applies to sentencings that occur after January 1, 2022. But he provides neither authority nor analysis to support a claim that any amendment to section 1385 would affect his sentence.

7

Accordingly, the claim is forfeited. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1107, fn. 37; *People v. Stanley* (1995) 10 Cal.4th 764, 793.)

DISPOSITION

The trial court's order denying defendant's section 1172.1 petition is affirmed.


　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　MAURO, J.


We concur:


　　　/S/
EARL, P. J.


　　　/S/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.